AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
District of New Mexico

| | |
|---|---|
| United States of America<br>v.<br>Isaiah Anthony ARAGON (YOB 2001) &<br>Miguel Antonio RAMIREZ (YOB 2001)<br><br>*Defendant(s)* | Case No.  MJ 23-1716 LF |

**FILED**
United States District Court
Albuquerque, New Mexico

Mitchell R. Elfers
Clerk of Court

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of  December 6, 2023  in the county of  Bernalillo  in the
_____ District of  New Mexico , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. § 846: | Conspiracy to distribute controlled substances; |
| 21 U.S.C. § 841(a)(1) and (b)(1)(A): | Possession with intent to distribute 400 grams and more of a mixture and substance containing a detectable amount of Fentanyl |

This criminal complaint is based on these facts:

Please see the attached affidavit of DEA Special Agent Kyle Coffey, which is incorporated by reference and has been reviewed and approved by AUSA Raquel Ruiz-Velez.

☑ Continued on the attached sheet.

*Complainant's signature*

Kyle Coffey, DEA Special Agent
*Printed name and title*

Telephonically sworn and electronically signed.

Date:  12/06/2023

*Judge's signature*

City and state:  Albuquerque, New Mexico   Laura Fashing, U.S. Magistrate Judge
*Printed name and title*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

IN THE MATTER OF THE ARREST OF:

Isaiah Anthony ARAGON (YOB 2001) &
Miguel Antonio RAMIREZ (YOB 2001)     Case No. _____

### AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

### INTRODUCTION AND AGENT BACKGROUND

1. I am a Special Agent ("SA") with the United States Drug Enforcement Administration ("DEA") and have been since May 2020. I am assigned to the DEA's Albuquerque District Office. As a SA for the DEA, I am an investigative law enforcement officer of the United States within the meaning of 18 U.S.C. § 2510(7) and am empowered by law to conduct investigations of and to make arrests for offenses enumerated in 18 U.S.C. § 2516. As a SA with DEA, I retain the powers of enforcement as set forth in 21 U.S.C. § 878. Prior to my employment with the DEA, I was employed as a police officer with the Virginia Beach Police Department for approximately four years. Over the course of my career, I have accumulated the following training and experience:

   a. I graduated from the DEA Academy in Quantico, Virginia, where I received approximately 14 weeks of specialized drug-related training. The training included controlled substance identification, drug-related investigative techniques, interview and interrogation training, preparation of search warrants, tactical applications of drug enforcement, and surveillance and electronic monitoring techniques.

   b. As a police officer and a DEA SA, I have participated in investigations of

1

individuals and organizations trafficking heroin, cocaine, cocaine base ("crack"), marijuana, methamphetamine, fentanyl, and other controlled substances as defined in 21 U.S.C. § 801. My experience as a SA includes, but is not limited to, conducting surveillance; interviewing witnesses; participating in arrests, searches, and seizures; drafting affidavits for search warrants and criminal complaints; and working with informants. I have participated in the investigation of several drug trafficking conspiracies. As a result, I am familiar with matters including, but not limited to, the means and methods used by persons and drug trafficking organizations (DTO) to purchase, transport, store, and distribute illegal drugs and to hide profits generated from those transactions.

2. This case is being investigated by the DEA. I have personally participated in the investigation described below. I make this affidavit based on my participation in the investigation, as well as my review of reports, documents, and/or information made available to me by other agents, task force officers ("TFOs"), and other law enforcement authorities, collectively referred to as "Agents" hereinafter. This Affidavit is intended only to show that there is sufficient probable cause for the requested criminal complaint and does not set forth all of my knowledge or the surrounding facts pertaining to this matter.

## SUMMARY OF PROBABLE CAUSE

3. This Affidavit is made in support of the issuance of a criminal complaint charging Isaiah Anthony ARAGON (ARAGON) and Miguel Antonio RAMIREZ (RAMIREZ) with the following violations:

   a. 21 U.S.C. § 846: Conspiracy to distribute controlled substances; and

   b. 21 U.S.C. §§ 841(a)(1) and (b)(1)(A): Possession with intent to distribute 400 grams and more of a mixture and substance containing Fentanyl.

4. On December 6, 2023, RAMIREZ agreed to sell the tens of thousands of fentanyl pills to an Albuquerque Police Department (APD) undercover agent (UC) and provided a location in Albuquerque, New Mexico, as the meet location. On the same date, agents located and conducted surveillance on RAMIREZ as RAMIREZ drove his vehicle in Albuquerque, New Mexico. The UC told RAMIREZ that the UC would meet RAMIREZ (for the drug deal) within 30-40 minutes to which RAMIREZ agreed. Agents followed RAMIREZ until RAMIREZ drove to the residence/stash house of ARAGON, and parked in front of the residence. RAMIREZ arrived at the residence around the time that RAMIREZ and the UC were communicating concerning times and details of the drug deal. At the residence, an agent observed ARAGON walk from the bottom floor, from near his residence/stash house front door, to RAMIREZ's vehicle. ARAGON was carrying a tan colored plastic bag. ARAGON walked to RAMIREZ's vehicle and entered the front passenger seat. Based upon RAMIREZ's agreement to sell tens of thousands of fentanyl pills to the UC, followed by RAMIREZ traveling to the believed residence of ARAGON, agents believe ARAGON carried suspected fentanyl pills from his residence/stash house to RAMIREZ's vehicle.

5. Agents attempted to take RAMIREZ and ARAGON into custody. RAMIREZ was arrested without incident. ARAGON ran from RAMIREZ's vehicle. Agents were able to arrest ARAGON.

6. In plain view in RAMIREZ's vehicle, on the passenger floor board area (the area that would be at ARAGON's feet while ARAGON is seating in the vehicle), agents observed a tan colored plastic bag which contained a large quantity of suspected fentanyl pills. Agents

collected the suspected fentanyl pills. Agents weighed and conducted a field test of the suspected fentanyl, which indicated presumptive positive for fentanyl and approximately 3388.2 gross grams in weight.

7. Based upon the aforementioned information, there is probable cause that ARAGON and RAMIREZ conspired to distribute controlled substances and possessed, with intent to distribute, a large quantity of suspected fentanyl (over 400 grams). Based on my training and experience, the amount of suspected fentanyl was packaged in a manner consistent with distribution of bulk quantities of narcotics and the quantity of suspected fentanyl is an amount consistent with drug trafficking.

8. Based on my training and experience, I know the amounts of narcotics possessed by ARAGON and RAMIREZ are consistent with drug trafficking and not personal use quantities.

9. I declare under the penalty of perjury that the facts contained herein are true and correct to the best of my knowledge.

10. Assistant United States Attorney Raquel Ruiz-Velez reviewed and approved this Affidavit.

_SA KL Coffey_
Kyle Coffey
Special Agent
Drug Enforcement Administration

Telephonically sworn to me and electronically signed
this 6th day of December, 2023.

4

_____
THE HONORABLE LAURA FASHING
United States Magistrate Judge